# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ANTHONY L. TROUPE,**

     **Plaintiff,**

     **v.**                               **Case No. 19-CV-1318**

**LAVONTAY FENDERSON et al.,**

     **Defendants.**

---

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS

---

On October 11, 2019, Anthony L. Troupe filed an amended complaint against twenty-six individuals under 42 U.S.C. § 1983.[1] (Docket # 5.) Troupe also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 3.) Because I find that Troupe is indigent and his amended complaint states a claim as to some of the defendants, his motion will be granted. However, I will recommend that the case be dismissed as to those defendants against whom the amended complaint does not state a claim.[2]

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first

---

[1] Troupe also mentions *Bivens*, but as there appear to be no federal actors among the defendants, *Bivens* is inapplicable. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding dismissal of these defendants. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Troupe's motion, he is unemployed and has no income or assets. (Docket # 3 at 1–4.) I therefore conclude that he is unable to pay the filing fee and turn to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Troupe is representing himself, I construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Troupe states that the defendants violated his rights under the Fourth Amendment (Docket # 5 at 2), which protects against unreasonable searches or seizures. Troupe alleges

that on March 29, 2018, he was followed by unmarked cars in Racine as he returned to HALO, the shelter where he apparently lived. (*Id.* at 3.) He was unable to find his belongings, and asked security of S.C. Johnson Wax Headquarters to call police to help find them. (*Id.* at 3–4.) Police officers responded, including defendants Fenderson and Amundsen. (*Id.* at 4.) Amundsen offered to drop Troupe off at HALO, but Troupe insisted on riding with Fenderson. (*Id.* at 4.) At HALO, Troupe was unable to locate his belongings and went outside to look for HALO's security staff. (*Id.* at 5.) Once outside, a spotlight shone in his face and he was getting yelled at. (*Id.*) He felt stings, someone forcing his head down from his neck, another pulling his pants down, ringing in his ears, and inability to close his jaw, before he blacked out completely. (*Id.*) He believes he was handcuffed more than once and was unable to defend himself from the blows to the face while a hand was pressing on the side of his neck. (*Id.*) Troupe states that he woke up feeling groggy in a room with armed, uniformed men asking him questions. (*Id.*) Troupe attaches to his amended complaint police reports documenting the incident by defendants Thill (Docket # 5-1 at 9–11), Neubauer (*id.* at 12–13), Dummer (*id.* at 14–19), Amundsen (*id.* at 22–29), Longrie (*id.* at 30–32), Wassil (*id.* at 33–35), Fenderson (*id.* at 36–39), and Frieri Gaines (*id.* at 40–42). Reports indicate that Officer Webb was also present. (*Id.* at 15, 24, 30, 36.) I conclude that, very liberally construed, Troupe's complaint states a claim against these officers for use of excessive force or unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983.

Although Troupe lists Brehm as a defendant, her report indicates that she was not on the scene and her only involvement was to arrive at the emergency room afterward to photograph Troupe's injuries. (Docket # 5-1 at 20–21.) Several other defendants affiliated with law enforcement were not at the scene but merely reviewed other officers' reports,

including Richard W. Rivers (*id.* at 20), Michael E. Smith (*id.* at 8), Joseph R. Spaulding (*id.* at 12, 14, 19, 30, 33, 36), and Steven R. Herold (*id.* at 22). As none of these individuals is alleged to have been involved in the incident with Troupe and therefore cannot have violated Troupe's Fourth Amendment rights, I will recommend that they be dismissed from this action.

Next, Troupe alleges that Officers Hamad and Leax prevented him from going to court on April 2, 2018. (Docket # 5 at 6.) There is no defendant named Leax, and even after an opportunity to amend, Troupe has provided insufficient information about this alleged incident for me to infer deprivation of a constitutional right. Therefore, I will recommend that Hamad be dismissed from this action.

Although the documents Troupe provided contain some references to the remaining defendants, the amended complaint does not allege any specific actions by them and therefore does not state any claim against them on which relief could be granted. Accordingly, I will recommend that the following defendants be dismissed: Alice Rudebusch, Emily S. Mueller, Samuel A. Christensen, Faye M. Flancher, Jamie M. McClendon, Charles Constantine, Robert Goepel, Timothy D. Boyle, Kelly Larsen, and Terrance Kallenbach.

## ORDER AND RECOMMENDATION

**NOW, THEREFORE, IT IS ORDERED** that Troupe's motion to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Defendants Hamad, Rudebusch, Mueller, Christensen, Flancher, McClendon, Constantine, Goepel, Boyle, Larsen, Kallenbach, Brehm, Herold, Rivers, Spaulding, Smith, and Van Hecke be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen (14) days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 18th day of October, 2019.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge