UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

    Plaintiff,

  v.

Case No. 19-cv-1318-pp

LAVONTAY FENDERSON, HELMI HAMAD,
ALICE RUDEBUSCH, EMILY S. MUELLER,
SAMUEL A. CHRISTENSEN, FAYE M. FLANCHER,
JAMIE M. MCCLENDON, CHARLES CONSTANTINE,
ROBERT GOEPEL, TIMOTHY D. BOYLE, KELLY LARSEN,
TERRANCE KALLENBACH, BENNETT F. THILL,
GARY F. NEUBAUER, RACHEL A. BREHM,
ADAM R. AMUNDSEN, NATALIE E. LONGRIE,
CODY J. DUMMER, ALLEN J. WASSIL,
A. FELICIA FRIERI GAINES, STEVEN R. HEROLD,
RICHARD RIVERS, JOSEPH R. SPAULDING,
MICHAEL E. SMITH, LENNET WEBB,
and JEREMIAH C. VAN HECKE,

    Defendants.

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 7) AND DISMISSING DEFENDANTS, DENYING PLAINTIFF'S REQUEST FOR SPEEDY TRIAL (DKT. NO. 21), DENYING PLAINTIFF'S REQUEST FOR SUMMARY OF EVIDENCE AND THAT ASIA BARRY BE GRANTED POWER OF ATTORNEY (DKT. NO. 25), CONSTRUING PLAINTIFF'S PROPOSED AMENDED COMPLAINT AS A MOTION TO AMEND THE COMPLAINT AND DENYING SAME (DKT. NO. 26), DENYING PLAINTIFF'S MOTION FOR IN-CUSTODY SPEEDY TRIAL (DKT. NO. 36) AND ORDERING THE U.S. MARSHAL TO SERVE DEFENDANTS**

On September 11, 2019, the plaintiff, who is representing himself and does not have the assistance of a lawyer, filed a complaint against fifteen defendants employed by the City of Racine. Dkt. No. 1. As to all fifteen defendants, the plaintiff made a single allegation: "perjury and threats by officers, beaten by those that I assumed authority, stalled case starting with a

1

false riverside hearing has court without representation." Id. at 2. On September 16, 2019, Magistrate Judge Nancy Joseph ordered the plaintiff to file an amended complaint within thirty days, dkt. no. 4, and the plaintiff complied, dkt. no. 5. On October 18, 2019, Judge Joseph granted the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 6, but issued a separate report recommending that many of the defendants be dismissed for failure to state a claim, dkt. no. 7.

The plaintiff filed a timely "objection and grievance" to the recommendation. Dkt. No. 9. He has since flooded the court with documents regarding his efforts in connection with this case and ongoing proceedings in Racine County. See, e.g., Dkt. Nos. 10, 11, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 27, 29, 30, 31, 33, 34. He also has filed a proposed amended complaint, dkt. no. 26, motions for a speedy trial, dkt. nos. 21, 36, and a request for a summary of the evidence filed and the appointment of Asia Barry as his power of attorney, dkt. no. 25, and he has asked for a copy of the body cam footage from the Racine Police Commission, dkt. no. 32. The court will adopt the report and recommendation, dismiss some of the defendants, deny the plaintiff's motions and order the U.S. Marshal to serve the remaining defendants.

I. **Review of the Report and Recommendation**

   A. Legal Standard

The court reviews *de novo* any portion of the recommendation to which the plaintiff filed a timely objection. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

The court may accept, reject or modify, in whole or in part, the magistrate judge's recommendation. 28 U.S.C. §636(b)(1).

B. Amended Complaint

In his amended complaint, the plaintiff alleges that the defendants violated the Fourth Amendment and says that he is suing "within the definition of Bivens or U.S.C. § 1983 of Title 42." Dkt. No. 5 at 2. The plaintiffs says that on March 28, 2018, he noticed he was being followed "by unmarked cars" after leaving a class in Racine, Wisconsin to return to HALO[1]. Id. at 3. The plaintiff states that "[a]fter discovering that [he'd] lost the means to return to Milwaukee," he began to panic "in order to" find his belongings, particularly the school laptop given to him by Asia Barry. Id. at 3-4. The plaintiff says that because he was still being followed and harassed during the "panicked search," the plaintiff asked security at S.C. Johnson Wax Headquarters to call the police to help him search for his belongings. Id. at 4.

The plaintiff says that "[d]uring the initial questioning," he noticed that defendant "Fenderson was upset, almost to the point of tears, when he notified a '51st squad' that he" had had found the plaintiff. Id. The plaintiff says that defendant Amundsen offered to drop the plaintiff off at HALO and the plaintiff accepted on the condition that he ride with Fenderson. Id. The plaintiff says that during the ride, he noticed that Fenderson was "still corresponding with a

---

[1] "HALO" is an acronym for the Homeless Assistance Leadership Organization," located in Racine, Wisconsin. Among other things, HALO provides supportive housing units. https://haloinc.org/housing.

3

'51st squad'" until Fenderson asked why the plaintiff was in Racine; the plaintiff responded he was there "ultimately" there for the "finest woman in Racine." Id. at 4-5. The plaintiff searched for, but did not locate, his belongings at HALO. Id. at 5. He says that afterward, he "felt [he] absolutely had to leave because [he] couldn't find the armed security of HALO," and he went searching for them. Id. He thought they were outside, until someone shined a spotlight in the plaintiff's face and yelled at him in the rain. Id.

The plaintiff says that this time "was identified as [his] altercation with police of Racine." Id. He says that he felt "stings, someone forcing [his] head down from [his] neck, another pulling [his] pants down, ears ringing and [his] jaw not being able to close before [he] blacked out completely." Id. The plaintiff believes he was handcuffed more than one time because he could not defend himself against blows to his face or the hand pressing on the side of his neck. Id. The plaintiff has no recollection of being sedated or time at the hospital. Id. at 5-6. He recalls only a "clapping when [he] woke up at a room with armed men asking [him] questions while feeling groggy." Id. at 6.

The plaintiff says that the members of the Racine Police Department that he has named "are based of those mentioned of the alleged batter to a officer." Id. He says that he is not able to identify the officers who allegedly prevented him from going to court on April 2, 2018, except for defendant Helmi Hamad and an officer Leax (Leax is not named as a defendant). Id. According to the plaintiff, was not booked or given a Wisconsin Department of Corrections number. Id. He alleges that during his "unlawful stay" at the Racine County

4

Jail, he was "subjected to; pork, breaks of fasting, soundbites played at [his] cell, no phone access without a third party, and threats of home invasion to [the plaintiff] and Asia Barry." Id. at 6-7. The plaintiff says that after his mother paid his $100 bail on April 24, 2018, he eventually found a "rostor sheet," but that he didn't see "any recognizable names of cellmates of the units [he] was at." Id. at 7. The plaintiff says that he wanted to "confirm the well being of Asia" after she had contacted his mother and several mutual close friends. Id. The plaintiff says that his attempts to contact Asia "during the case of 18CF00448" "led to the cases of 18CV000178, 19CV000205 and currently 19CM001221." Id.

The plaintiff says that every case of his in Racine County violates the First, Fourth, Sixth and Eighth Amendments of the Constitution and he wants to contest the defendants' inhumane treatment and prove that he is a "MAN (and not 3/5$^{ths}$ human) in a federal court of law." Id. at 7-8.

The plaintiff attached to the amended complaint seventy-nine pages of exhibits, including police reports from the Racine Police Department concerning an incident on March 29, 2018 involving the plaintiff and several of the officers he mentioned in the complaint. Dkt. No. 5-1 at 9-42.

C.  Report and Recommendation

After reviewing the amended complaint, Judge Joseph determined that the plaintiff had stated a claim against some—but not all—of the defendants and recommended the dismissal of those against whom the plaintiff had not stated a claim. Dkt.k No. 7. Judge Joseph concluded that, "very liberally

5

construed," the amended complaint stated a claim for excessive force or unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. §1983 against officers who were involved in the arrest of the plaintiff on March 29 2018—defendants Thill (dkt. no. 5-1 at 9-11), Neubauer (id. at 12-13), Dummer (id. at 14-19), Amundsen (id. at 22-29), Longrie (id. at 30-32), Wassil (id. at 33-35), Fenderson (id. at 36-39), Frieri Gaines (id. at 40-42), and Webb (id. at 15, 24, 30, 36). Dkt. No. 7 at 3.

Judge Joseph recommended that the court dismiss those defendants who were not on the scene but who either photographed the plaintiff's injuries or reviewed other officers' reports. Id. at 3-4. These officers included defendants Brehm, Rivers, Smith, Spaulding and Herold. Id. She also recommended that the court dismiss Hamad and Leax, noting that there was no defendant named Leax and that the plaintiff had not provided enough information for the court to infer that either defendant prevented the plaintiff from going to court. Id. at 4. Finally, she recommended the dismissal of defendants Rudebusch, Mueller, Christensen, Flancher, McClendon, Constantine, Goepel, Boyle, Larsen, Kallenbach and VanHecke[2] because the amended complaint failed to allege any action (or inaction) by these individuals. Id.

---

[2] Judge Joseph recommended the dismissal of VanHecke but did not refer to him in her analysis. There are no allegations in the amended complaint against VanHecke.

6

D. <u>Objections</u>

The plaintiff filed a timely objection to the report and recommendation. Dkt. No. 9. The basis for the objection is not clear, although the plaintiff believes that each of these officers are responsible for the alleged violation of his constitutional rights. He asserts that officer Brehm "is liable for the sedation of a control substance and treatment during my time of a hospital that [he] cannot recall after [his] handcuffed beating by Racine Police Department during my search for HALO's armed security." <u>Id.</u> at 2. He asserts that more officers may have been involved, including Mark J. Heifner, for threats made "during [the plaintiff's] time of illegal detention and now involved in current case 19CM001877." <u>Id.</u> He also suspects there "may have been tampering and restructuring of police statements" by supervising officer Webb. <u>Id.</u>

The plaintiff next states:

> Of the tempering of my school laptop by Racine Police department (on 4/11/2018 at 6:28 pm) with Asia Barry being the previous owner I am afraid of her wellbeing more so than my own since she is a resident of Racine county. I believe that we are under persecution of those under the color of law as if we have 3/5th of the civil rights applied to us. From even at the those acting under the enforcement and color of law such as; Rudebusch, Mueller, Christensen, Flancher, Boyle. Such as example, of Flancher forfeiture of my bail for conditions not set under terms of my release and Antoinette L. Rich's stalling tactics with no production of rescue records which was made by Officer Brehm. In addition, no reason was made for Van Hecke of the Wisconsin Judicial Commission for his negligence of my initial report on the violations of Wisconsin Supreme Court rule 60 for his cause for it being outside of his jurisdiction for Racine circuit court's misconduct at the judicial level.

<u>Id.</u> at 2-3.

7

The plaintiff attached the docket sheet from Racine County Circuit Court Case No. 2018CF000448, which indicates that Judge Faye M. Flancher was the responsible official in that case, that Antoinette L. Rich was the prosecuting attorney and that Jamie Marie McClendon was defense counsel. Dkt. No. 9-1 at 4-5.

E. Analysis

The plaintiff objects to the portion of Judge Joseph's report recommending dismissal of defendants Hamad, Rudebusch, Mueller, Christensen, Flancher, McClendon, Constantine, Goepel, Boyle, Larsen, Kallenbach, Brehm, Herold, Rivers, Spaulding, Smith and Van Hecke. Dkt No. 9 at 1. He explains that, because he does not have access to PACER, he must "type, copy, and notarized [his] objection in order to comply with the rebuke of the Magistrate's plausible biased recommendation." Id. The plaintiff cites Wisconsin Supreme Court Rule 60 and says that he is currently facing additional charges in Racine. Id. at 1-2.

The objection adds nothing to the plaintiff's previous allegations against these defendants except to say that Brehm is "liable for the sedation of a control substance and treatment during" the plaintiff's time in the hospital. But he alleged in the amended complaint that he cannot recall being sedated or the time spent in the hospital. Dkt. No. 5 at 5, 6. There is nothing in his objection, amended complaint or attachments to suggest that he now has a basis for asserting that Brehm, who arrived at the hospital to photograph the plaintiff's injuries, was responsible for sedating him with a controlled

8

substance while he was in the hospital. The plaintiff says he believes that supervising officer Webb "may" have tampered with and restructured police accounts but he doesn't allege that Webb actually did those things or explain what causes him to believe that Webb did those things. Mere speculation is not enough even at the pleadings stage. Finally, the plaintiff says he believes that other officers may have been involved such as Mark Heifner, but Heifner is not a defendant.

A complaint must include a short, plain statement describing what each defendant did or did not do to allegedly violate the plaintiff's rights. It is not enough to name an individual or to speculate that an individual may have taken some action. The plaintiff must allege that the defendant was personally involved in the deprivation of a constitutional right. Matz v. Kotka, 769 F.3d 517, 528 (7th Cir. 2014). In other words, to be liable for a constitutional deprivation, the defendant must have caused or participated in the constitutional deprivation. Pepper v. Vill. of Oak Park, 430 F.3d 806, 810 (7th Cir. 2005). Moreover, a person is not liable simply because he was a supervising officer. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001).

The court has reviewed the allegations in the amended complaint and will adopt Judge Joseph's recommendation. The plaintiff has not described any acts taken by defendants Hamad, Rudebusch, Mueller, Christensen, Flancher, McClendon, Constantine, Goepel, Boyle, Larsen, Kallenbach, Brehm, Herold, Rivers, Spaulding, Smith and Van Hecke that would rise to a violation of the plaintiff's constitutional rights. Mueller and Flancher are judges in the Racine

9

County Circuit Court and Rudebusch is a court commissioner. The judges and court commissioner who entered orders in the plaintiff's cases are absolutely immune from awards of damages for acts taken in their judicial capacities, regardless of whether the plaintiff believes they made mistakes in their rulings. See Myrick v. Greenwood, 856 F.3d 487, 488 (7th Cir. 2017).

Finally, the court agrees with Judge Joseph, that construing the allegations in the complaint and the attachments very liberally, the plaintiff has stated excessive force/false arrest claims against the remaining defendants.

## II. Plaintiff's Request for a Speedy Trial (Dkt. No. 21)

The plaintiff filed a motion for speedy trial of Case No. 19-cv-1318, and attached a letter addressed to the Wisconsin Judicial Commission regarding the Racine County Circuit Court. Dkt. No. 21. Assuming that the plaintiff is demanding a speedy trial in this federal case, there is no right to a speedy trial in a *civil* case. Only criminal defendants have a right to a speedy trial. 18 U.S.C. §3161. The plaintiff filed this lawsuit—he is not a criminal defendant, but a plaintiff in a civil lawsuit. The court will deny the motion.

## III. Plaintiff's Request for Summary of Evidence and to Grant Asia Barry Power of Attorney (Dkt. No. 25)

On September 21, 2020, the plaintiff filed a motion for a summary of the evidence filed to date and asked the court to grant Asia Barry power of attorney in the event he cannot continue the case. Dkt. No. 25. He explains that Barry is his "company's partner and asset's heiress." Id.

10

The court will deny this motion. First, the defendants have not been served with the complaint. As a result, there is no evidence before the court beyond the police reports and other documents the plaintiff himself has filed. The court can provide the plaintiff with a copy of the docket but will not summarize the documents the plaintiff has filed on his own behalf. Second, the plaintiff asks the court to appoint Asia Barry as his power of attorney or co-plaintiff. The Federal Rules of Civil Procedure require that a case must be prosecuted in the name of the "real party in interest." Fed. R. Civ. P. 17. The plaintiff has alleged that certain defendants violated *his* constitutional rights by using excessive force against *him.* Asia Barry has not filed any allegations in this case. In fact, it appears that, at one point, Barry had a restraining order against the plaintiff. Barry v. Troupe, Racine County Circuit Court Case No. 2019cv205. Nothing in the amended complaint or any of the filings suggests that Barry desires to join in this case as a plaintiff (or in any capacity). The court will deny this motion.

## IV.     Proposed Amended Complaint (Dkt. No. 26)

The plaintiff filed an amended complaint on October 11, 2019, dkt. no. 5, which Judge Joseph screened, dkt. no. 7. Over a year later, the plaintiff filed a proposed amended complaint; he listed himself and "Asia M Barry as power of attorney" as plaintiffs and named Fenderson, all other defendants and added Jessica Lynott as a defendant. Dkt. No. 26. The plaintiff says that Lynott, an Assistant District Attorney, violated Wis. Stat. §971.10(3c) during his misdemeanor cases in Racine County. Id. at 3. He accuses Lynott of pushing

11

back court dates and attempting to "void" his not guilty plea with a competency hearing. Id. For relief, the proposed amended complaint seeks "Standardize humans detainment by law enforcement in the state of Wisconsin," the creation of a mental illness protocol, federal investigation of each of his cases, seeks $8,000,008.01 (after taxes and in one payment), and the right to organize, research and confide in Barry. Id. at 5.

To the extent that the plaintiff is asking the court to amend his complaint a second time, the court will deny his request. It is procedurally incorrect for a plaintiff to file a proposed amended complaint that refers to another document but does not re-state the allegations against each defendant. If a plaintiff wants to add a party to a complaint, he must reproduce the complaint in full, with all the allegations against the former defendants as well as the new allegations against any new defendants. This is because an amended complaint takes the place of any prior complaints. The rules allow a plaintiff to amend his complaint once as a matter of course, which the plaintiff has already done. The plaintiff must ask the court's permission to file any amended complaints, and the plaintiff has not done so.

The plaintiff seeks to add the Assistant District Attorney assigned to two cases which appear to have nothing to do with the alleged use of excessive force during his arrest. The court is allowing the plaintiff to proceed against the officers he alleges were involved with his arrest. Unrelated claims against different defendants must be filed in a separate lawsuit. Owens v. Evans, 878 F.3d 559, 566 (7th Cir. 2017).

The plaintiff names an assistant district attorney who he claims is moving to continue court dates and asking for a competency hearing. Like the judges and court commissioner, a prosecutor is absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because the conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Absolute immunity applies even if the attorneys acted "in a manner flawed by grave procedural error." John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990)).

The court will not allow the plaintiff to proceed on the proposed amended complaint.

## V. Plaintiff's Request for Bodycam Footage (Dkt. No. 32)

On February 3, 2021, the plaintiff filed a copy of his request to the Racine Police & Fire Commission and Racine Affirmative Action & Human Rights for bodycam footage. Dkt. No. 32. The plaintiff had a notary sign the request and instructed the Commission to send the evidence to this court. Id. That is not how discovery works in federal court. After the court orders the complaint to be served on the defendants and after they have responded, the court will order the parties to confer and file a Rule 26(f) plan—a scheduling plan. The court will use that plan to set deadlines for the parties to exchange initial disclosures and discovery and to file dispositive motions. At that point, the parties may start to collect discovery, following the requirements in the Federal Rules of Criminal Procedure. If the plaintiff filed this letter in the hope

13

that the court would order the Racine Police and Fire Commission to turn over the report, his hope will not be realized; the court will not issue such an order.

## VI. Plaintiff's Motion for In-Custody Speedy Trial (Dkt. No. 36)

On March 1, 2021, the plaintiff filed a motion for an in-custody speedy trial demand. Dkt. No. 36. The court explained above that the plaintiff has no right to an "in-custody speedy trial" in a civil case. The court will deny this motion.

## VII. Conclusion

The court **OVERRULES** the plaintiff's objections, dkt. no. 9 and **ADOPTS** Magistrate Judge Joesph's recommendation, dkt. no. 7.

The court **ORDERS** that defendants Helmi Hamad, Alice Rudebusch, Emily S. Mueller, Samuel A. Christensen, Faye M. Flancher, Jamie M. McClendon, Charles Constantine, Robert Goepel, Timothy D. Boyle, Kelly Larsen, Terrance Kallenbach, Rachel A. Brehm, Steven R. Herold, Richard Rivers, Joseph R. Spaulding, Michael E. Smith and Jeremiah C. Van Hecke are **DISMISSED**.

The court **DENIES** the plaintiff's request for a speedy trial. Dkt. No. 21.

The court **DENIES** the plaintiff's request for summary of evidence and that Asia Barry be granted power of attorney if the plaintiff cannot continue with this case. Dkt. No. 25.

The court **CONSTRUES** the plaintiff's proposed amended complaint as a motion to amend the complaint and **DENIES** that motion. Dkt. No. 26.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request for bodycam footage. Dkt. No. 32.

The court **DENIES** the plaintiff's motion for in-custody speedy trial. Dkt. No. 36.

The court **ORDERS** the United States Marshal to serve a copy of the amended complaint and this order on defendants Bennett F. Thill, Gary F. Neubauer, Cody J. Dummer, Adam R. Amundsen, Natalie E. Longrie, Allen J. Wassil, LaVontay Fenderson, A. Felicia Frieri Gaines, and Lennet Webb under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court or the U.S. Marshals Service. The court is not involved in collection of the fee.

The court **ORDERS** that the defendants must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff must submit all correspondence and pleadings to:

United States District Court
Office of the Clerk
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendants' lawyer. The parties may not begin discovery (asking each other for documents) until after the defendants have answered or otherwise responded and the court has issued a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff should keep a copy of every document she files with the court. If the plaintiff's address changes, he must notify the court immediately; if he doesn't, he may not receive important notices and documents relating to her case. If the plaintiff does not file documents by the deadlines the court sets, the court could dismiss his case for failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**