UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

        Plaintiff,

  v.

Case No. 19-cv-1318-pp

LAVONTAY FENDERSON, BENNETT F. THILL,
GARY F. NEUBAUER, ADAM R. AMUNDSEN,
NATALIE E. LONGRIE, CODY J. DUMMER,
ALLEN J. WASSIL, A. FELICIA FRIERI GAINES,
and LENNET WEBB,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT (DKT. NO. 49), DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS (DKT. NO. 74), DENYING PLAINTIFF'S MOTION FOR JOINDER (DKT. NO. 84) AND DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 87)**

On September 11, 2019, the plaintiff (who is representing himself) filed a complaint against fifteen employees of the City of Racine and Racine County. Dkt. No. 1. Magistrate Judge Nancy Joseph ordered the plaintiff to file an amended complaint because he had failed to state a claim upon which relief could be granted. Dkt. No. 4. After the plaintiff filed the amended complaint, dkt. no. 5, Judge Joseph granted his motion to proceed without prepaying the filing fee, dkt. no. 6, and recommended that this court dismiss certain defendants against whom the plaintiff had failed to state a claim, dkt. no. 7. At the same time, Judge Joseph recommended that the plaintiff be allowed to proceed on Fourth Amendment unlawful arrest or excessive force claims

1

against certain defendants. Dkt. No. 7 at 3. One month after it was due, the plaintiff filed an objection to the report and recommendation. Id. at 9. Since then, he has filed dozens of documents. See, *e.g.*, Dkt. Nos. 10, 11, 13, 14, 15, 17, 20, 23, 24, 27, 29, 30, 31, 33, 34, 40, 42, 46, 47, 48, 54, 55, 59.

The court received the plaintiff's objection to Judge Joseph's report and recommendation on October 31, 2019. Dkt. No. 9. Approximately a year later—a year during which he flooded the court with many of the documents the court references above—the plaintiff filed a proposed amended complaint. Dkt. No. 26. On July 15, 2021, this court (among other things) overruled the plaintiff's objections, denied the motion to amend the complaint and adopted Judge Joseph's recommendation. Dkt. No. 43. The court allowed the plaintiff to proceed against defendants Thill, Neubauer, Dummer, Amundsen, Longrie, Wassil, Fenderson, Gaines and Webb and ordered the U.S. Marshals Service to serve those individuals. Id. at 15.

The defendants have asked the court to dismiss the case, dkt. no. 49; the plaintiff has filed a motion for order of transcripts, dkt. no. 74, a motion for joinder, dkt. no. 84, and a motion to compel, dkt. no. 87. The court will deny all the pending motions.

I. **Defendant's Motion to Dismiss (Dkt. No. 49)**

   A. The Parties' Arguments

The defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); alternatively, they ask the court for an order under Rule 12(e) requiring the plaintiff to provide a more definite

2

Case 2:19-cv-01318-PP   Filed 03/29/22   Page 2 of 15   Document 91

statement of his claims against each of the named officers. Dkt. No. 49. In their brief, the defendants point out that the only allegations the plaintiff makes regarding the individually named officers are his allegations about conversations with Fenderson and Amundson and those conversations do not give rise to a Fourth Amendment claim. Dkt. No. 50 at 4. They assert that the conversation where he told Amundsen that he would ride only with Fenderson, and his subsequent conversation with Fenderson stating that he was in Racine for "the finest woman in Racine," did not state claims for constitutional violations. Id.

Alternatively, the defendants ask the court to order the plaintiff to provide a more definite statement because they assert that it is impossible to answer a complaint containing "vague and ambiguous" allegations. Id. at 5. As an example, the defendants point to the plaintiff's allegation that the "defendant that are of Racine Police Department I've named and complained about are based on those mentioned of the alleged battery to an officer." Id. The defendants assert that they don't know to whom the plaintiff is referring or what action was taken towards the plaintiff; they assert that the amended complaint does not contain any information about a battery to a police officer. Id.

Despite their assertion that they could not answer such a vague complaint, the defendants filed their answer to the amended complaint four days after filing their motion to dismiss. Dkt. No. 52.

3

Almost four months later (and three months after the court entered the scheduling order), the plaintiff filed a one-page, one-sentence opposition stating that he does not believe there is any ground for dismissal. Dkt. No. 78.

The defendants filed a reply brief, arguing that by failing to respond to their arguments, the plaintiff had waived his claims against them. Dkt. No. 81 (citing Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010)).

B.  Governing Law

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint rather than the merits. Fed. R. Civ. P. 12(b)(6); see Skinner v. Switzer, 562 U.S. 521, 529–30 (2011). The court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. Roberts v. City of Chi., 817 F.3d 561, 564 (7th Cir. 2016). The Seventh Circuit has held that a motion to dismiss under Rule 12(b)(6) cannot be granted on the sole basis that it is unopposed. Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021).

Alternatively, a party may file a motion under Rule 12(e) for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When filing a complaint, the plaintiff must include a short and plain statement of the claim. Fed. R. Civ. P. 8(a). A Rule 12(e) motion focuses less on the length of the complaint and more on the defendant's ability to understand the factual basis of the claim. A district court can ask a plaintiff under Rule 12(e) "to lay out details that enable the defendants to respond intelligently and the court to

handle the litigation effectively." Chapman v. Yellow Cab Coop., 875 F.3d 846, 849 (7th Cir. 2017).

C. Analysis

Liberally construing the amended complaint, as the court must on screening, both Judge Joseph and this court determined the plaintiff had alleged a claim under the Fourth Amendment. The plaintiff filed a ten-page amended complaint, dkt. no. 5, along with seventy-nine pages of exhibits. The amended complaint alleged that on March 28, 2018, as he was returning to a shelter from "class" in Racine, the plaintiff noticed that he was being followed by unmarked cars. Id. at 3. He said that when he realized that he had "lost the means" to return to Milwaukee, he'd begun to panic, trying to find his belongings (including his school laptop). Id. at 3-4. Still being followed and "harassed" as he continued his panicked search, the plaintiff asked a security guard at the S.C. Johnson Wax headquarters to call police to help him. Id. at 4. The plaintiff said that during the "initial questioning," he noticed that Fenderson was very upset as he notified another squad that he had found the plaintiff. Id. The plaintiff said that Amundson offered to drop the plaintiff off at the shelter, and that plaintiff accepted on the condition that he ride with Fenderson. Id. The plaintiff says that during this ride, he noticed that that Fenderson continued to communicate with the other squad, eventually asking the plaintiff why the plaintiff was in Racine. Id. The plaintiff responded that ultimately, he was there for the "finest woman in Racine." Id. at 4-5.

The plaintiff alleged that at the shelter, he searched for his belongings again but could not find them. Id. at 5. At that point, he felt he had to leave because he couldn't find shelter security; he went looking for security. Id. Concluding that they must be outside, the plaintiff said he found a spotlight in his face while he got yelled at in the rain, "which it was identified as [his] altercation with police of Racine." Id. The plaintiff said he felt stings, felt someone forcing his head down from his neck, another person pulling his pants down, ringing in his ears and his jaw being unable to close before he passed out. Id. He believed he was handcuffed because he could not defend himself against blows to his face while a hand was pressing on the side of his neck. Id.

The plaintiff said that he couldn't recall whether he was sedated at the hospital; he just recalled awaking in a room with armed, uniformed men asking him questions while he still felt groggy. Id. at 6. He said he could not identify the officers who prevented him from going to court on April 2, 2018 (other than Helmi Hamad and Officer Leax). Id. The plaintiff asserted that he was not booked or given a Wisconsin Department of Corrections number and asserted that he was unlawfully detained at the Racine County Jail, where he was subjected to "pork, breaks of fasting, soundbites played at [his] cell, and threats of home invasion to him" and a person named Asia Barry. Id. at 6-7.

Judge Joseph cited these allegations and the exhibits the plaintiff had filed in recommending to this court that the plaintiff be allowed to proceed on a

Fourth Amendment claim. As this court explained on page six of its order adopting the recommendation:

> Judge Joseph concluded that, "very liberally construed," the amended complaint stated a claim for excessive force or unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. §1983 against officers who were involved in the arrest of the plaintiff on March 29 2018—defendants Thill (dkt. no. 5-1 at 9-11), Neubauer (id. at 12-13), Dummer (id. at 14-19), Amundsen (id. at 22-29), Longrie (id. at 30-32), Wassil (id. at 33-35), Fenderson (id. at 36-39), Frieri Gaines (id. at 40-42), and Webb (id. at 15, 24, 30, 36). Dkt. No. 7 at 3.

Dkt. No. 43 at 6. The reports cited by Judge Joseph included a March 29, 2018 "use of force report" regarding the plaintiff, who allegedly resisted police officer control and physically attacked an officer. Defendants Thill and Webb signed the report. Dkt. No. 5-1 at 11. A second report—completed that same day—refers to "aggravated assault – public official." Id. at 12. In addition to Thill and Webb, defendants Dummer, Amundson and Neubauer appear to have been involved in the incident. Id. at 12, 13. A March 29, 2018 supplementary report for "resisting an officer – simple physical assault" indicates that the plaintiff was "arrested for resisting arrest as it took multiple officers to take him into custody after he resisted OFC Amudsen's commands and control at 1300B DeKoven Av." Id. at 14. Thill allegedly deployed his taser and Dummer says in his report that he delivered two knee strikes and several strong arm strikes to the side of the plaintiff's face after observing the plaintiff bite Fenderson's fingers. Id. Dummer's report suggests that defendants Wassile, Longrie, Amundsen, Fenderson all were involved in the incident. Id. at 16.

The defendants say the plaintiff never alleged that the defendant officers arrested him on March 29, 2018. Admittedly, the plaintiff's allegations are a bit disjointed and do not always identify specific individuals. But the court must liberally construe the complaint at the pleading stage. Two judges read the amended complaint and concluded it alleged that that the plaintiff had suffered injuries while being taken into custody. The complaint refers to an altercation with the Racine police and the plaintiff said that he was complaining about those "mentioned of the alleged battery to a[n] officer." Dkt. No. 5 at 6. The reports attached to the amended complaint refer to "aggravated assault—police office[r]." Dkt. No. 5-1 at 20. Rule 10(c) provides that "written instruments" attached to the complaint become part of the pleading for all purposes. Fed. R. Civ. P. 10(c). The Seventh Circuit has taken a broader view of documents that the court may consider, such as police reports referenced in the complaint. Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013).

Typically, an order requiring the plaintiff to provide a more definite statement is reserved for those situations in which the defendants cannot formulate a response. Here, the defendants have filed an answer, the court has issued a scheduling order and there is evidence that the parties have conducted discovery (the deadline for completing it was March 25, 2022). The May 27, 2022 dispositive motions deadline is approaching. As the court noted above, the Seventh Circuit has held that the fact that the opposing party did not respond to a motion is not, standing alone, a basis for the court to grant the motion. Marcure, 992 F.3d at 651.

The court will deny the defendant's motion to dismiss and for a more definite statement.

## II. Plaintiff's Motion for Transcripts (Dkt. No. 74)

On December 6, 2021, the court received from the plaintiff a document titled "Motion Order of Transcripts." Dkt. No. 74. The body of the motion reads, "For the state case of: 19CM1221." Id. The Wisconsin Circuit Court Access Program indicates that there is a case with that number in *state* court—State of Wisconsin v. Anthony L. Troupe, Case No. 2019CM001221 (Racine County Circuit Court) (available at https://wcca.wicourts.gov/). The case was filed on June 27, 2019 and charged the plaintiff with disorderly conduct. On May 11, 2021, the plaintiff was found guilty after a jury trial, and on June 17, 2021, the court sentenced him to serve eighty-four days in jail. Id. The Wisconsin Court of Appeals has dismissed several appeals because they were prematurely filed. Id.

If the plaintiff wants copies of the transcripts from his *state* case, he must ask the *state* court for those transcripts. This court cannot order the state court to produce transcripts for the plaintiff to use in his federal lawsuit. The court also notes that many courts charge money to prepare transcripts; if the plaintiff asks the Racine County Circuit Court for his transcripts, he may be asked to pay a fee before he can obtain them.

The court will deny the motion for transcripts.

### III. Plaintiff's Motion for Joinder (Dkt. No. 84)

On January 11, 2022, the court received from the plaintiff a motion for joinder of Case Nos. 19cv1318 and 21cv1176, dkt. no 84, along with an attachment, dkt. no. 85. The motion consists of the following two paragraphs:

> Per to Wisconsin §230.80 and denial of rights by a dismissed defendant to be affirmed by Wisconsin Appellate Court as "lack of jurisdiction," I would like the exhibits of the former suit to be considered with the latter.
>
> As the mayor of Milwaukee is currently taxing churches of The Northside after I brought the embezzlement of federal funds by his office to U.S. District Court Outlined is the state's motion to supress any evidence that exculpuls [sic], their allegation while attending STEM classes at the Milwaukee Area Technical College.

Dkt. No. 84. The plaintiff included with his motion a copy of the state's motion *in limine* filed in State v. Anthony Lee Troupe, Milwaukee County Case No. 2021CM002175, Id. at 2.[1] He separately filed a letter from the Wisconsin Judicial Commission stating that it would not alter its decision regarding his complaints against Racine County Circuit Court Judge Maureen Martinez in Racine County Case No. 19CM1221. Dkt. No. 85.

The plaintiff cites Wis. Stat. §230.80. That is a Wisconsin statute that defines the terms used in Wisconsin's "whistleblower" statute. That statute does not apply to joinder of cases in federal court. Federal Rule of Civil Procedure Rule 18(a) allows a party asserting a claim to "join, as independent or alternate claims, as many claims as it has against an opposing party." Fed.

---

[1] The case was filed on July 13, 2021. It charges the plaintiff with violating Wis. Stat. §947.0125(2)(a), computer message—threaten/injury or harm. Available at https://wcca.wicourts.gov/. There is a jury trial scheduled for April 20, 2022. Id.

10

R. Civ. P. 18(a). But joinder against multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B).

Nothing in the plaintiff's motion suggests that he is seeking to join additional claims against the officers who allegedly took the plaintiff into custody in March of 2018. Instead, it appears that he wants to join into a single lawsuit the two lawsuits that he has pending here in federal court. The plaintiff's first lawsuit is this one. The second one, Troupe v. Martinez, *et al.*, Case No. 21-cv-1176, involves different defendants (two state-court judges and a state court commissioner) and different claims (the plaintiff alleges that the defendants in the 2021 case violated his rights under the First, Fifth and Sixth Amendments of the Constitution).

The court explained to the plaintiff in a prior order in this case that unrelated claims against different defendants must be filed in a separate lawsuit. Dkt. No. 43 at 12 (citing Owens v. Evans, 878 F.3d 559, 566 (7th Cir. 2017). The court understands that the judges and commissioner the plaintiff has sued in the 2021 case may have presided over the case that was brought against him as a result of the incident he complains of in this case, but the claims he raises against the defendants in this case are different from the

11

claims against the judges and commissioner and are based on different facts and different provisions of the Constitution.

The court will deny the motion for joinder.

## IV. Plaintiff's Motion to Compel (Dkt. No. 87)

On February 10, 2022, the court received from the plaintiff a motion to compel that listed both this case and the 21-cv-1176 case. Dkt. No. 87. The motion alleges that the defendants have answered the suit stating that they have "no knowledge" of any claim in the dispute. Id. The motion then says, "[d]ispute drafting and filing police report #18-012690." Id. The plaintiff says "much of the exhibts [sic] has been provided by; City of Racine attorney's office, Racine District Attorney, and other public employees." Id. He concludes by alleging that he has proceeded under oath and that "they've perjured in the court of law." Id.

The plaintiff attached to this document January 19 and February 8, 2022 emails he sent to various people asking for various items, including "[f]ootages of then men killed at Racine County Jail on the dates may 30th – june 1st of the year 2021." Dkt. No. 87-1 at 1. He appears to have been requesting other items as well, such as medication given to him and billed for at the Racine County Jail, an account summary for his bankruptcy case, "any footage/transcripts/medication (asides the ketamine) of 18CF000448" and the occupation of Jeremy J. Reinhold, "the officer that charged me of 19CM1221, 19CM1877, & 21CM155." Id. at 3.

12

The defendants respond that the plaintiff's motion does not comply with the federal or local rules and does not request production of discovery. Dkt. No. 89.

Rule 37(a) requires a party who files a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). This court's Civil Local Rule 37 says that

> [a]ll motions to compel disclosure or discovery . . . must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

Civil L.R. 37 (E.D. Wis.).

The plaintiff did not provide the required certification showing that, before he filed the motion to compel, he attempted in good faith to confer with the lawyers for the defendants to obtain whatever it was that he was seeking.

It also appears that the plaintiff was asking for documents or other information not related to his claims in this case. The court allowed the plaintiff to proceed on a claim relating to the incident that happened with the Racine Police officers on March 28, 2018. Anything that may have happened at the Racine County Jail in the summer of 2021 is irrelevant to this claim, as is anything having to do with medication, bankruptcy or Officer Reinhold (whom the court terminated as a defendant in October 2019).

13

The plaintiff also indicated that he was filing this motion in both of his federal cases. The plaintiff should be aware that the attorneys who are representing the defendants in this case—attorneys from the Gunta Law Offices—are not the same attorneys who are representing the defendants in his 2021 case. He cannot demand that the attorneys for the defendants in *this* case produce discovery in the 2021 case, a case in which they do not represent the defendants.

The court cautions the plaintiff that the *only* issue in this case is whether the defendants subjected him to excessive force on March 28, 2018. This case is not about the charges that were brought against him in Racine and Milwaukee Counties. It is not about what happened in state court. It is not about how the plaintiff was treated in the Racine County Jail. The only issue in this case is whether the defendants subjected the plaintiff to excessive force on March 28, 2018.

The court will deny the motion to compel. The discovery deadline now has passed. The next step in the process is for any party who believes that there are no genuine disputes as to any issue of material facts and who believes that he or she is entitled to judgment as a matter of law to file a motion for summary judgment, along with proposed findings of fact and any supporting evidence. The deadline for filing such motions is May 27, 2022. Dkt. No. 67. If a party needs additional time to file a summary judgment motion, that party should—in time for the court to *receive it before* the May 27, 2022

14

Case 2:19-cv-01318-PP   Filed 03/29/22   Page 14 of 15   Document 91

deadline—file a motion asking for an extension and explain how much additional time that party needs.

## V. Conclusion

The court **DENIES** the defendants' motion to dismiss or in the alterantive for a more definite statement. Dkt. No. 49.

The court **DENIES** the plaintiff's motion to order transcripts. Dkt. No. 74.

The court **DENIES** the plaintiff's motion for joinder. Dkt. No. 84.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 87.

Dated in Milwaukee, Wisconsin this 29th day of March, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**