UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

    Plaintiff,

v.

    Case No. 19-cv-1318-pp

LAVONTAY FENDERSON, *et al.*,

    Defendants.

# ORDER DIRECTING CLERK OF COURT TO DOCKET ECF NO. 133 AS A NOTICE OF APPEAL, DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT (DKT. NO. 134) AND DENYING MOTION FOR RECONSIDERATION (DKT. NO. 137)

On November 18, 2022, the court granted the defendants' motion for summary judgment and dismissed this case. Dkt. No. 131. The clerk entered judgment the same day. Dkt. No. 132.

<u>Notice of Appeal (Dkt. No. 133)</u>

On December 7, 2022, the court received from the plaintiff the last page of a form complaint; at the top of the page, he'd handwritten, "Notice of Appeal." Dkt. No. 133. Next to that notation, he had handwritten the numbers assigned to three of his cases, followed by the words "[p]er to Fed. R. App. P. 4(a)(5)(A) for extension of appeal." <u>Id.</u> He dated the document December 4, 2022, included his Department of Corrections ID number and checked a box stating "I DO request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without

1

Prepaying the Full Filing Fee form and have attached it to the complaint." Id. To the left of that paragraph, the plaintiff hand-wrote wrote "(granted)." Id. He did not file an application to proceed on appeal without prepaying the appellate filing fee. Perhaps the plaintiff checked the box because at the time he filed the complaint, he had filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, which the court had granted, dkt. no. 6.

The one-page document filed on December 7, 2022, should have been docketed as a notice of appeal because it was filed within thirty days after the court entered judgment. Federal Rule of Appellate Procedure 4(a)(1)(A). Instead, the clerk's office docketed the document as a motion for extension of time to file a notice of appeal. The court will direct the clerk's office to docket the document as a notice of appeal.

Request to Amend Dismissal (Dkt. No. 134)

Twenty days after the court entered judgment, the court received from the plaintiff a four-page document titled "Request to amend dismissal." Dkt. No. 134. Although the title of the motion mentions "amending" the court's dismissal of the case, the plaintiff cited Rule 59(e), which allows a party to ask the court to alter or amend a judgment no later than twenty-eight days after the judgment is entered. The court therefore will treat the pleading as a motion to alter or amend the judgment under Rule 59(e).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington

2

v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). A Rule 59(e) motion to reconsider is "not a vehicle for rearguing previously rejected motions," Oto, 224 F.3d at 606, nor "a vehicle for a party to undo its own procedural failures . . . ." Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000).

The plaintiff's motion cites evidence in other cases—some appear to be unrelated to his own case—and evidence that was not presented in his opposition to the defendants' motion for summary judgment. The plaintiff refers to a case in which a different plaintiff received a settlement of $335,000 "from video evidence of Gomez beating Love in handcuffs, then prosecuted by US attorney Gregory d. Haanstad."[1] Id. at 1. The plaintiff makes four, separate arguments about the court's ruling dismissing his case:

---

[1] The plaintiff appears to be referring to the case of Milwaukee police detective Rodolfo Gomez, Jr., who was convicted in this court of criminal civil rights violations. United States v. Gomez, Case No. 16-cr-55-pp (E.D. Wis.). But it was not Gomez's *victim* who received the $335,000 settlement; it was the *detective*, Rodolfo Gomez, who received a $335,000 settlement based on his allegations that the Milwaukee Fire and Police Commission improperly fired him. https://www.jsonline.com/story/news/local/milwaukee/2021/11/02/milwau

3

> 1. sgt. Webb is the 6'0" 240lbs+ black officer with a bald haircut that arrives before I am detained via sedation of ketamine by Racine Rescue Department, to later acts as supervising officer to later charge me with a felony. As to be under the scrutiny of perjury with both complaint and amended complaint attached with pictures and dashcam footage of this fact/sgt Webb report.
>
> 2. The facts provided were on record for case #18cf448 State of Wisconsin v. Anthony L Troupe with dashcam footage or paperwork of HALO regarding curfew to weedpipe that didn't give me "superhuman" strength as reported by former UW-Parkside power Forward Fenderson to knock me out via knee strikes to the head followed by George Folyd knee choke on the dashcam footage submitted. Of doc 131, p. 16-17, the officers that damaged my teeth during the time of detainment with use of ketamine did not identify themselves as law enforcement at the time of arrest. My front teeth proved I didn't bit as missing[.]
>
> 3. After leaving a place with armed security, I was beaten by armed men and woke up in jail with ketamine in my system. Then charged with a felony without giving a statement as protected via Maranda [sic] rights. To be beaten again before preliminary hearing to still enter a 'not guilty' plea in order to prevail on a felony criminal jury trial as proven at Racine Circuit Court and allegedly drunk at dismissal.
>
> 4. The defendant of this suit is not immune from suit nor jury trial after the dismissal of the criminal charges due to perjury by those acting under the color of law with prevention of scheduled jury trial and objection of dismissal under the same grounds as summary judgement [sic].

Id. at 204.

The plaintiff has not identified a manifest error of law or fact, nor has he identified newly discovered evidence that was not available at the time of briefing. The defendants gave the plaintiff notice that "any factual assertions contained in the[ir] declarations would be accepted by the Court as being true

---

kee-council-oks-settlement-fired-police-detective-rodolfo-gomez-deron-love/6225540001/.

unless the Plaintiff" submitted his own evidence contradicting those assertions. Dkt. No. 96. Despite that notice, the plaintiff filed a one-paragraph "objection" to the defendant's summary judgment motion. Dkt. No. 106. When ruling on the motion, the court nonetheless considered the plaintiff's verified complaint and the attachments. Dkt. No. 131 at 4. Sergeant Webb filed an unopposed affidavit averring that he arrived on the scene after the plaintiff had been detained and placed in custody and he had no personal involvement with the plaintiff. Dkt. No. 104 at ¶¶3, 4. The court analyzed the plaintiff's Fourth Amendment claim, noting that the plaintiff had presented no facts regarding his actions during the arrest. Dkt. No. 131 at 16. The plaintiff admitted in his verified complaint "that he had no recollection of what happened" and his own attachments documented a situation in which he "actively resisted arrest, evaded eight officers, bit one officer and injured another and required sedation to stop him from being combative." Dkt. No. 131 at 17. In addition to considering excessive force, the court also addressed the false arrest claim raised in the plaintiff's complaint. Id. at 19. The court found that the officers had probable cause to make the arrest; the court didn't reach qualified immunity because it found no constitutional violation.

On summary judgment, the court can consider only the arguments and evidence in the record. It cannot consider evidence presented by other plaintiffs in different cases, and it cannot rely on evidence from the plaintiff's state court cases that he did not present to this court. The court will deny the request to amend dismissal.

5

Motion for Reconsideration (Dkt. No. 137)

On May 1, 2023—five and a half months after the court entered judgment—the court received from the plaintiff a document titled "Motion for reconsideration;" the document cited Fed. R. Civ. P. 69(b). Dkt. No. 137. The plaintiff cites Case No. 23-cv-246, a case he had pending before a different judge on this court. Id. In this motion, the plaintiff states that he would "like the court to add with the standing motion to amend order of summary judgment without; legal brief, proposed finding of facts against my claim, nor supporting evidence." Id. He asks the court to "hold the choice on the matter to deter further abuse resulting from filing the matter at federal court;" he says that "emergency services are pending from an injury." Id. He asks the court to "[c]onsider everything submitted fact as true with a former defendant shall be a witness I've met when I couldn't be produced to court on 4/4/18 for case #18CF448," and asks the court to "hold the choice after 8/24/23." Id.

The plaintiff attached to this motion a copy of the order dismissing Case No. 23-cv-246. Dkt. No. 137-1 at 1-2. That case involved a petition for *habeas corpus* filed by the plaintiff; the case was assigned to United States District Judge Brett Ludwig. Judge Ludwig dismissed the petition less than two months after the plaintiff filed it, finding that it did not "assert a plausible habeas claim." <u>Troupe v. Martinez, *et al.*</u>, Case No. 23-cv-246-bhl (E.D. Wis.), Dkt. No. 7 at 2. This court cannot determine what relevance the 2023 *habeas* case has to this one.

The plaintiff also attached to this motion an inmate request for medical treatment dated April 21, 2023. Dkt. No. 137-1 at 3. This record post-dates the events the plaintiff described in his original and amended complaint by years. It describes a knee injury the plaintiff alleges he suffered in a truck accident. It is not clear whether this is the evidence that the plaintiff is asking the court to "add" to his request to amend the dismissal; if it is, it is not clear what this inmate request has to do with the plaintiff's claims, or how it could have impacted the court's summary judgment ruling.

Finally, if there was a witness to the facts the plaintiff alleged in his complaint, he could have obtained an affidavit or declaration from that witness to provide to the court in opposition to the defendants' motion for summary judgment; he did not do so.

Rule 60(b) allows a court to vacate a final judgment for one of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharge or otherwise is no longer in effect; or (6) "any other reason that justifies relief." The plaintiff has not identified any of these reasons as a basis for the court to vacate its judgment. He asserts that he has "met" someone whom he wants to call as a witness and says that it relates to the fact that he could not be produced in court for a hearing in his 2018 state criminal case (something he discussed in

7

his complaint). But he does not explain when he "met" this person, why he could not have presented this person's statements in opposition to summary judgment or what the person would have said that might have changed the outcome of the court's summary judgment ruling.

The defendants advised the plaintiff that he would need to produce evidence to defeat their motion for summary judgment. He had the opportunity to produce that evidence but did not do so. The plaintiff has not provided enough information to allow this court to determine that he has "newly discovered evidence" that he could not have produced at the time of summary judgment that would have made a difference in the court's ruling. The court will deny the motion.

Other Filings

In the months since the court dismissed his case, the plaintiff also has filed a "Notice of Judicial Complaint" discussing an administrative law judge named "Ishii," dkt. no. 135; a document titled "Prisoners' conditions," asserting that he was not able to be produced for a revocation hearing in state court, dkt. no. 136; and excerpts of this court's local rules and an article about the Memphis police officers charged with Tyre Nichols' murder, dkt. no. 139. None of these documents relate to the plaintiff's claims. The fact that officers in other cases in other places allegedly, or did, engage in excessive force does not prove the plaintiff's excessive force claims. These filings do not impact the court's ruling.

8

Conclusion

The court **ORDERS** the Clerk of Court to docket Dkt. No. 133 as a notice of appeal.

If the plaintiff intended to request to proceed without prepaying the filing fee on appeal, he must file the separate request on the form available on the court's website, identify the issues he intends to raise on appeal and provide the required financial information. See https://www.wied.uscourts.gov/forms/petition-proceed-without-prepayment-fees-andor-costs-appeal.

The court **DENIES** the plaintiff's motion to amend judgment. Dkt. No. 134.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 137.

Dated in Milwaukee, Wisconsin this 30th day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**