UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY L. TROUPE,

        Plaintiff,

  v.

LAVONTAY FENDERSON, BENNETT F. THILL,
GARY F. NEUBAUER, ADAM R. AMUNDSEN,
NATALIE E. LONGRIE, CODY J. DUMMER,
ALLEN WASSILE, A. FELICIA FRIERI GAINES
and LENET WEBB,

        Defendants.

Case No. 19-cv-1318-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR PERMISSION TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 146), AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 144)**

---

      On November 18, 2022, this court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants. Dkt. Nos. 131, 132. Two weeks later, the plaintiff filed a notice of appeal but the clerk's office inadvertently docketed the notice as a motion for an extension of time to appeal. Dkt. No. 133. The court directed the clerk to docket the filing as a notice of appeal on May 30, 2023. Dkt. No. 143. On June 8, 2023, the plaintiff filed a motion to appoint counsel and a motion for permission to appeal without prepaying the appellate filing fee. Dkt. Nos. 144, 146.

      The Federal Rules of Appellate Procedure allow a party in a district court case who wants to appeal without prepaying the appellate filing fee to file a

1

motion with an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). If the district court allowed the party to proceed without prepaying the filing fee, the party may appeal without prepaying the filing fee unless the district court certifies that the party has not appealed in good faith or that the party is not otherwise entitled to proceed without prepaying the filing fee. Fed. R. App. P. 24(a)(3).

Magistrate Judge Nancy Joseph granted the plaintiff leave to proceed without prepaying the filing fee at the district court level. Dkt. No. 6. That means that the plaintiff may proceed on appeal without prepaying the filing fee unless the court certifies that the appeal is taken in bad faith. The plaintiff failed to raise a genuine issue of material fact in opposition to the defendants' summary judgment motion, but the threshold for proceeding without prepaying the filing fee on appeal is low. An appeal is taken in bad faith when no reasonable person could suppose that the claim has merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). While the court found that the defendants did not violate the plaintiff's statutory or constitutional rights, it will not certify that the plaintiff is proceeding in bad faith.

The Seventh Circuit decides whether to appoint counsel and when it does so, it appoints "members of [its] own bar whose interests and skills run to appellate work." DiAngelo v. Ill. Dept. of Public Aid, 891 F.2d 1260, 1263 (7th Cir. 1989) (citing United States v. Fountain, 840 F.2d 509, 513 (1988)). The

court will deny the plaintiff's motion to appoint counsel without ruling on the merits—without prejudice—and the plaintiff now may refile his motion in the Seventh Circuit.

The court **GRANTS** the plaintiff's motion for permission to appeal without prepaying the appellate filing fee. Dkt. No. 146.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel on appeal. Dkt. No. 144.

Dated in Milwaukee, Wisconsin this 31st day of October, 2023.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**