UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY L. TROUPE,

                Plaintiff,

                                    Case No. 19-cv-1318-pp

    v.

LAVONTAY FENDERSON, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 171)**

---

On November 18, 2022, the court granted summary judgment in favor of the defendants in this §1983 case. Dkt. No. 131. The court then received from the plaintiff a motion for extension of time to appeal, dkt. no. 133, a motion to amend the judgment, dkt. no. 134, and a motion for reconsideration, dkt. no. 137. On May 30, 2023, the court construed the plaintiff's motion for an extension of time to appeal as a timely notice of appeal and denied his other pending motions. Dkt. No. 143. The clerk's office transmitted the plaintiff's notice of appeal to the Seventh Circuit on June 9, 2023. Dkt. No. 148.

Throughout 2024, while his appeal was pending, this district court received from the plaintiff several documents,. Dkt. Nos. 155-164. The pending appeal deprived this court of jurisdiction over the plaintiff's case, so the court took no action on those filings. On January 8, 2025, the Seventh Circuit dismissed the appeal because the plaintiff did not respond to the court's order

1

"to show cause as to why this appeal should not be dismissed for failure to file a brief that complies with the Federal Rules of Appellate Procedure and Circuit Rules." Dkt. No. 165 at 1. A few months later, this district court again began to receive filings from the plaintiff. Dkt. Nos. 166-170. Because this case is closed and none of the documents appeared to ask the court to reopen the case or reconsider its judgment, the court took no action on the filings.

On October 20, 2025, the court received from the plaintiff a document titled "Motion for reconsideration." Dkt. No. 171. The document says:

> Those acting under the color of law has prevented due process of the scheduling order given by Chief Magistrate Pepper. I would like the court to advise if I am able to re-open or re-file based of the evidence given previously to the motion of summary judgment off the merit my claim wasn't as what as given examples and as shown on the defendants' dashcam. As myself and others are in imminent danger by those associated by gatekeeping/partisen ACLU; staff clerks, & judges. For contracts shouldn't be made to have a fair case nor consul/representation.

Id. at 1. As best as the court can determine, the plaintiff is arguing that the defendants did not accurately represent the facts of the case in their motion for summary judgment. The plaintiff seems to be asking the court to reconsider its decision granting summary judgment in favor of the defendants.

There are multiple reasons why the court must deny the plaintiff's motion for reconsideration. First, the motion is untimely. "[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Lewis, Case No. 17-cr-191, 2019 WL 3068310, at *1 (E.D. Wis. July 11, 2019) (quoting United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at 2 (E.D. Wis. Apr. 19, 2010)). "[S]uch motions are properly brought under

2

Rule 59(e) or Rule 60(b)." <u>Austin v. Comm'r of Soc. Sec. Admin.</u>, Case No. 16-CV-1296, 2018 WL 2271032, at \*1 (E.D. Wis. May 17, 2018) (alteration in original) (quotation omitted). Rule 59(e) allows the court to alter or amend a judgment and Rule 60(b) allows the court to grant a party relief from a previous judgment.

Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "This time limit is unyielding" and the district court "may not extend the time limit imposed by Rule 59(e)." <u>Banks v. Chi. Bd. of Educ.</u>, 750 F.3d 663, 666 (7th Cir. 2014) (citing <u>Justice v. Town of Cicero</u>, 682 F.3d 662, 664–65 (7th Cir. 2012)). "When a motion is filed more than 28 days after the entry of judgment" the court must "treat it as a Rule 60(b) motion." <u>Id.</u> The court entered judgment in this case on November 18, 2022; the court received the plaintiff's motion nearly three years later; the court may not consider it as a Rule 59(e) motion, it may consider it only as a Rule 60(b) motion.

Rule 60(b) relief is an "extraordinary remedy granted only in 'exceptional circumstances.'" <u>In re Cook Med., Inc.</u>, 27 F.4th 539, 542 (7th Cir. 2022) (quoting <u>Eskridge v. Cook County</u>, 577 F.3d 806, 808 (7th Cir. 2009)). The court may relieve a party" from a final judgment or order for six reasons, including (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) fraud or misrepresentation; (4) the judgment is "void"; (5) the judgment has been "satisfied, released, or discharged" or "is based on an earlier judgment that has been reversed or vacated" or "applying it

prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The plaintiff has not argued that three years from the date of judgment is a "reasonable time" in which to file a motion for reconsideration.

Even if the plaintiff had timely filed his motion, he has presented no valid reason for the court to reconsider its summary judgment order. "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). To demonstrate "manifest error," the party moving for reconsideration must show that the court's decision exhibited a "wholesale disregard, misapplication, or failure to recognize controlling precedent" in its prior ruling. Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997) (quoting In re Aug., 1993 Regular Grand Jury, 845 F. Supp. 1403, 1407 (S.D. Ind. 1994)).

The plaintiff argues that the defendants misrepresented the facts in the summary judgment briefing. But the plaintiff had an opportunity to present his own statement of the facts and evidence during the summary judgment briefing, yet he did not do so. The plaintiff did not file a response to the defendants' summary judgment brief or their statement of undisputed facts. The plaintiff filed only a one-paragraph "objection" to the defendants' summary judgment materials. Dkt. No. 106. The court determined that objection was

4

insufficient under this court's Local Rules. Dkt. No. 131 at 3–4. Because the plaintiff did not file proper opposition materials, the court deemed the defendants' statement of facts as undisputed for the purposes of summary judgment. Id. The court then granted summary judgment for the defendants. Id. at 27. The plaintiff has not demonstrated that the court committed manifest error by finding that the plaintiff's "objection" was insufficient to oppose the defendants' summary judgment motion under the Local Rules.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 171.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**